RECEIVED & FILED

'09 MAY 19 A11 :41

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

1   DOUGLAS R. JOHNSON, ESQ.
    Nevada Bar No. 007765
2   JENNIFER E. SIMS, ESQ.
    Nevada Bar No. 007913
3   LAW OFFICES OF DOUGLAS R. JOHNSON
    7785 West Sahara Avenue, Suite 203
4   Las Vegas, Nevada 89117
    Telephone: (702) 362-6777
5   **Attorney for Plaintiffs Heidi Elaine Hersh
    and Leslie Stein-Hersh**
6

7                    **UNITED STATES BANKRUPTCY COURT**

8                          **DISTRICT OF NEVADA**

9

10  In re:                              )    CASE NO.    09-11060-LBR
                                        )    Chapter 7
11  TIMOTHY W. MILLER AND               )
    REGINA R. MILLER,                   )
12                                      )    Date of Hearing: June 17, 2009
                                        )
13                      Co-debtors.     )    Time of Hearing: 10:00 A.M.
                                        )
14  _____ )

15  <u>**MOTION FOR RELIEF FROM STAY TO PERMIT PUNITIVE DAMAGES CASE TO**</u>

16  <u>**GO FORWARD IN DISTRICT COURT**</u>

17         COMES NOW, Movant HEIDI ELAINE HERSH, individually, and LESLIE STEIN-

18  HERSH, individually, by and through their attorney of record, DOUGLAS R. JOHNSON, ESQ., of

19  the LAW OFFICES OF DOUGLAS R. JOHNSON, and hereby move this Honorable Court in

20  accordance with Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the

21  "Bankruptcy Rules"), by and through its undersigned attorneys, move this Court for an Order under

22  Section 362(d) of the United States Bankruptcy Code, 11 U.S.C. §§101-1330 (the "Bankruptcy

23  Code"), granting the Movant relief from all stays and injunctions in the above-captioned case,

24  including the automatic stay of Bankruptcy Code §362(a), so the movants may exercise all of their

25  rights and remedies as Plaintiffs in Eighth Judicial District Court against Debtors including the right

26  to pursue proceedings in Eighth Judicial District Court for punitive damages.

27         Movants submit that they are entitled to stay relief and determination of non-dischargeability

28  in this case under each independent basis for relief set forth in Bankruptcy Code §362(d). "Cause"

**LAW OFFICES OF DOUGLAS R. JOHNSON**
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

LAW OFFICES OF DOUGLAS R. JOHNSON
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

under Bankruptcy Code §362(d)(1) exists to grant stay relief **because the Debtors, in addition to other acts/or omissions did not list Heidi Elaine Hersh or Leslie Stein-Hersh as Creditors** and did not specify that Debtor REGINA MILLER inflicted and intentional and willful injury upon Movant/Plaintiffs.

This Motion presents a "core proceeding" in which the Court is entitled to enter a final order under 28 U.S.C. §§1334 and 157(b)(2)(G);Bankruptcy Code §362(d); and Bankruptcy Rules 4001 and 9014.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an assault and battery that occurred on or about November 17, 2006, at approximately 5:30 p.m., on I-15 to North Moapa Valley Boulevard (NV-169), in the City of Logandale, County of Clark, State of Nevada. Plaintiff HEIDI ELAINE HERSH was operating a Chevrolet Impala, with Plaintiff LESLIE STEIN-HERSH riding as a passenger. Defendant REGINA R. MILLER blocked Plaintiffs vehicle and **exited her vehicle with a tire iron in her hand** approaching Plaintiffs vehicle on the driver side. Defendant MILLER began yelling, cursing and threatening Plaintiffs, **hitting the window with the tire iron.** Defendant MILLER began pushing and shoving Plaintiff HEIDI, shoving Plaintiff HEIDI causing Plaintiff HEIDI to fall to the ground. As Plaintiff HEIDI was getting back up and turning around to get back into her vehicle, Defendant MILLER **suddenly without any warning or provocation struck Plaintiff HEIDI's head with a tire iron. Plaintiff HEIDI fell hard to the ground and lay in a pool of blood.** Defendant REGINA R. MILLER threatened Plaintiff LESLIE STEIN-HERSH, rushed back to her vehicle and drove away from the scene.

As a direct and proximate result of the subject incident, Plaintiff HEIDI sustained traumatic injury to her head, neck, and weakness of left arm and leg. She also sustained loss of consciousness, and visual problems with blurry vision. Plaintiff HEIDI also sustained shock and injury to her nervous system, and emotional distress, which resulted in Plaintiff HEIDI obtaining medical treatment. Plaintiff HEIDI was transported via emergency medical services and treated at University Medical Center for the injuries sustained as a result of the subject incident. Plaintiff HEIDI was

diagnosed with head injury, and neck pain. She also sustained a scalp laceration along the occipital scalp due to Defendant REGINA R. MILLER's assault.

Subsequently, Plaintiff HEIDI has suffered seizures and was therefore diagnosed with post-concussion syndrome and head injury by Dr. Barnum of Valley Hospital Medical Center and obtained further treatment at University Medical Center for her seizure with chest pain. Plaintiff HEIDI has also sustained oral damage and sought the care of a dentist for treatment for the repair incurring additional expenses as a result of the assault by Defendant REGINA R. MILLER. Plaintiff HEIDI did and continues to experience physical injury, including but not limited to, head injury, headaches, dizziness, seizures, short-term memory loss, inability to concentrate, inability to speak for approximately one (1) month after the subject incident, and pain and impairment to her body as a result of the incident subject this litigation.

The following is a list of medical providers Plaintiff HEIDI has treated with as well as the dates of service and billing amounts incurred as a result of the accident subject this litigation:

| MEDICAL PROVIDER: | DATES OF SERVICE: | AMOUNT: |
|---|---|---|
| University Medical Center | 11/17/06, 09/04/07 | $12,321.56 |
| Valley Hospital Medical Center | 11/29/06 | to be determined. |
| MedicWest Ambulance, Inc. | 09/04/07 | $1,998.51 |
| R.D. Prabhu Lata K. Shete, M.D., C/o Red Rock Medical Center | 01/12/07, 02/23/07,06/04/07, 08/23/07, 10/19/07, 11/16/07 | $1,764.13 |
| Lee R. Turner, D.D.S., C/o Galleria Dental | 11/05/07-11/29/07 | $1,444.00 |
| White Cross Drugs | 02/16/07, 02/23/07, 02/25/07 | $95.00 |
| Insight Mountain Diagnostics | to be determined. | to be determined. |
| Flight for Life | 11/17/06 | to be determined. |
| Jaswinder Grover, M.D., Nevada Spine Clinic | to be determined. | to be determined. |

LAW OFFICES OF DOUGLAS R. JOHNSON
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

| Valley Chiropractic | to be determined. | to be determined. |
|---|---|---|
| Clark County Volunteer Fire Department | to be determined. | to be determined. |
| **TOTAL:** | | **TO BE DETERMINED.** |

Plaintiff HEIDI has undergone a variety of conservative treatments, none of which have been a complete success. Her treatment is on-going with a number of options to include medication, diagnostic testing, and referral to a neurological specialist and treatment with an orthopaedic specialist. Furthermore, because Plaintiff HEIDI has continued and unresolved headaches, dizziness, seizures, short-term memory loss, inability to concentrate, peripheral vision loss, nausea, pain and impairment to her body, and posttraumatic stress disorder, it has caused discomfort to her day to day lifestyle.

**MILLER admitted to the intentional conduct in untimely answer to a request for admissions.** *See Exhibit A.*

## LEGAL ARGUMENTS AND AUTHORITIES-CONSIDERATIONS WHEN LIFTING STAY TO PERMIT LITIGATION TO CONTINUE

In *In Re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (C.A. 2(Vt.) 1990) the court stated:

We turn now to the merits. Section 362 of the Bankruptcy Code provides that a bankruptcy petition 'operates as a stay, applicable to all entities,' of the commencement or continuation of judicial proceedings against the debtor . . .

Subsection (d) of Section 362, provides as follows, however:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . .

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if -

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

**LAW OFFICES OF DOUGLAS R. JOHNSON**
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

1     11 U.S.C. § 362(d) (1988).

2     Because the instant case concerns a stay of a judicial proceeding, only Section 362(d)(1) is

3     applicable. The burden of proof on a motion to lift or modify the automatic stay is a shifting one.

4     Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places

5     the burden of proof on the debtor for all issues other than debtor's equity in property," 11 U.S.C. §

6     362(g)(1). *See 2 Collier on Bankruptcy ¶ 362.10, at 362-76.* If movant fails to make an initial

7     showing of cause, however, the court should deny relief without requiring any showing from the

8     debtor that it is entitled to continued protection.

9     Neither the statute nor the legislative history define the term "for cause" and the legislative

10    history gives only very general guidance. The Senate Report states:

11
         The lack of adequate protection of an interest in property is one cause for relief, but is not
12       the only cause. Other causes might include the lack of connection with or interference with
         the pending bankruptcy case. Generally, proceeding in which the debtor is a fiduciary, or
13       involving post-petition activities of the debtor need not be stayed because they bear no
         relationship to the purpose of the automatic stay, which is protection of the debtor and his
14       estate from his creditors.

15       S. Rep.No.989, 95th Cong., 2d Sess. 52, reprinted in 1978 U.S. Code Cong. & Admin. News
         5787, 5838.
16
         Other legislative history indicates that the "facts of each request will determine whether relief
17    is appropriate under the circumstances" H.R.Rep.No. 595, 95th Cong., 2d Sess. 343-44, reprinted in

18    1978 U.S. Code Cong. & Admin.News 6300.

19    In summarizing the case law under Section 362, Collier also mentions only a few specific

20    circumstances amounting to "cause."
21
         Actions which are only remotely related to the case under title 11 or which involve the right
22       of third parties often will be permitted to proceed in another forum. Generally, proceedings
         in which the debtor is a fiduciary or which involve post-petition activities of the debtor need
23       not be stayed since they bear no real relationship to the purpose of the stay which is to protect
         the debtor and the estate from creditors. Where the claim is one covered by insurance or
24       indemnity, continuation of the action should be permitted since hardship to the debtor is
         likely to be outweighed by hardship to the plaintiff. Finally, the liquidation of a claim may
25       be more conveniently and speedily determined in another forum . . .

26       In extreme cases, a finding that the bankruptcy case was not commenced in good faith has
         been used as a basis for vacating or annulling the automatic stay.
27
28       2 Collier on Bankruptcy ¶ 362.07(3), at 362-65 to -67 (footnotes omitted).

LAW OFFICES OF DOUGLAS R. JOHNSON
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

Page 5 of 9

LAW OFFICES OF DOUGLAS R. JOHNSON
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

1    In re Curtis, 40 B.R. 795 (Bankr.D.Utah 1984), catalogued a dozen factors to be weighed
in deciding whether litigation should be permitted to continued in another forum. These are:

2    (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of
any connection with or interference with the bankruptcy case; (3) whether the other

3    proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the
necessary expertise has been established to hear the cause of action; (5) whether the debtor's

4    insurer has assumed full responsibility for defending it; (6) whether the action primarily
involves third parties; (7) whether litigation in another forum would prejudice the interest

5    of other creditors; (8) whether the judgment claim arising from the other action is subject to
equitable subordination; (9) whether movant's success in the other proceeding would result

6    in a judicial lien avoidable by the debtor; (10) the interests in judicial economy and the
expeditious and economical resolution of litigation; (11) whether the parties are ready for

7    trial in the other proceeding; and (12) the impact of the stay on the parties and the balance
of harms . . .

8

9    *See id. at 799-800.*

10    As one might anticipate from the unstructured nature of this issue, existing case law indicates

11    that the "decision of whether to lift the stay [is committed] to the discretion of the bankruptcy judge,"

12    *See Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 507 (7th Cir 1982); *Rich v. Maryland*

13    *Nat'l Bank*, 42 B.R. 350, 354 (D.Md. 1984), and that we may overturn a denial of a motion to lift

14    the automatic stay only upon a showing of abuse of discretion. *Holtkamp*, 669 F.2d at 507.

15    The parties need to return to District Court for either a trial or motion for summary judgment,

16    as well as, the punitive damages phase of the case. The matter would be reduced to judgment, but

17    no steps would be taken to execute or collect upon the judgment, without further order of Court.

18    Lifting the stay would allow the Plaintiffs/Movants to go forward with the case, leaving only

19    the issue of non-dischargeability of the judgment. Plaintiffs/Movants submit to this Honorable Court

20    that their debt cannot be discharged because (1) Plaintiff/Movants were not listed as Creditors in

21    Debtors' Voluntary Petition, (2) Leslie Stein-Hersh was not mentioned at all on the Petition,

22    although she has a pending claim in District Court against Debtor Regina Miller, (3) the  potential

23    judgment would involve punitive damages issues dealing with a vicious and intentional attack

24    pursuant to 11 U.S.C. 523(a)(6), and (4) the claim and ultimate judgment will not effect the other

25    creditors, since the judgment will be entered post-petition and the debt is non-dischargeable.

26    Consideration must be given to the fact that most of the case has already been heard in District

27    Court.

28

LAW OFFICES OF DOUGLAS R. JOHNSON
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

1    As to factor #1, the case would be completely resolved, unless the Debtor appealed the

2    potential judgment in District Court.  The proceedings in state court would not interfere with the

3    bankruptcy, since the claim should be non-dischargeable.  As for Factor #4, the District Court is

4    equipped to handle an intentional assault and battery case.  Regarding Factor #7, the District Court

5    litigation would not prejudice other creditors, because the claim is non-dischargeable.

6        The interests of judicial economy and the expeditious and economical resolution of this

7    litigation are served since the District Court is ready to proceed and is already familiar with the

8    matter.  The matter is almost completely decided, since Defendant admitted to engaging in an

9    intentional assault in her untimely answers to requests for admissions.

10       Plaintiff Hersh still is undergoing medical treatment for the permanent and serious injuries

11   inflicted upon her in the intentional, willful and malicious assault and battery by Debtor Regina

12   Miller.  The impact of the stay on the parties and the balance of harms clearly tips in favor of

13   proceedings continuing in state court.  It will certainly be less costly to both parties to proceed in a

14   court where both parties have been represented by counsel and because Defendant admitted to the

15   intentional conduct, much of the unfinished business should be disposed of by way of summary

16   judgment.

17       "After *In re Sonnax,* there is no doubt that a court's determination of whether a movant has

18   met its burden of proof on the issue of "cause" must include an analysis of the Curtis factors." *In*

19   *re Abrantes Const. Corp,* 132 B.R. 234, 238 (N.D.N.Y. 1991).

20       However,

21       [a]s the court noted in *Sonnax,* not all of the twelve Curtis factors are relevant in every case.
22       *Id.* at 1286; *see Mazzeo,* 167 F.3d at 143; *Busch,* 294 B.R. at 141.  Nor is a court required
         to give each of the Curtis factors equal weight in making its determination.  *Burger Boys,*
23       *Inc. v. S. St. Seaport Ltd. Pa. (In re Burger Boys, Inc.),* 183 B.R. 682, 688 (S.D.N.Y. 2001)

24       *In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 560 (Bkrtcy.C.D. Cal. 2004).

25

26                                    **CONCLUSION**

27       The balance tips in favor of lifting the stay by a clear margin.  For all of the foregoing

28   reasons, Movants respectfully request that the Court enter an Order vacating and terminating all

1  applicable bankruptcy stays and injunctions to permit Movants to exercise all of their rights and

2  remedies in Eighth Judicial District Court stopping short of collection efforts and short of recording

3  the resulting judgment until the dischargeability of the claims can be determined.

4          As stated above, it is the position of Movants, that these Orders may be entered by this

5  Honorable Court, since neither Debtors failed to name Heidi Hersh and Leslie Stein-Hersh as

6  Creditors in their Voluntary Petition and did not adequately notify this Honorable Court that the

7  claims were relating to intentional and willful battery by Debtor Regina Miller upon Movants.

8

9          Respectfully submitted this May 18, 2009.

10                                        LAW OFFICES OF DOUGLAS R. JOHNSON

11

12                                        DOUGLAS R. JOHNSON, ESQ.
                                          Nevada Bar No. 007765
13                                        JENNIFER E. SIMS, ESQ.
                                          Nevada Bar No. 007913
14                                        7785 West Sahara Avenue, Suite 203
                                          Las Vegas, Nevada 89117
15                                        **Attorney for Plaintiffs Heidi Elaine Hersh and
                                          Leslie Stein-Hersh**

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF DOUGLAS R. JOHNSON
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

1

2

3   Copies of the foregoing were mailed and sent by facsimile this

    18th day of May 2009 to:
4

5   TIMOTHY S. CORY, ESQ
    Chapter 7 Trustee
6   8831 W. Sahara Avenue
    Las Vegas, Nevada 89117
7   (702) 382-7903

8
    LUCIEN CRAVENS, JR.,ESQ.
9   931 S. Third Street
    Las Vegas, Nevada 89101
10  (702) 360-0200

11

12

13  An Employee of Law Offices of Douglas R. Johnson

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES OF DOUGLAS R. JOHNSON**
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

Page 9 of 9

# Exhibit A

1 REQT
DOUGLAS R. JOHNSON, ESQ.
2 Nevada Bar No. 007765
LAW OFFICES OF DOUGLAS R. JOHNSON
3 7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
4 Telephone: (702) 362-6777
**Attorney for Plaintiffs Heidi Elaine Hersh**
5 **and Leslie Stein-Hersh**

6

DISTRICT COURT

7

CLARK COUNTY, NEVADA

8

9 HEIDI ELAINE HERSH, individually; and  )
LESLIE STEIN-HERSH, individually,       )
10                                       )   CASE NO.    A550790
                                         )   DEPT NO.    XXIII
11                          Plaintiffs,  )
                                         )
12 vs.                                   )
                                         )
13 REGINA R. MILLER, DOES I through V,   )
inclusive, and ROE CORPORATIONS I       )
14 through V, inclusive,                 )
                                         )
15                          Defendants.  )
                                         )

16 <u>**REQUEST FOR ADMISSIONS TO DEFENDANT REGINA R. MILLER**</u>

17 TO:    REGINA R. MILLER, Defendant; and

18 TO:    ALAN N. FENTON, ESQ., Attorney for Defendant.

19         Under authority of Rule 36, Nevada Rules of Civil Procedure, Plaintiffs HEIDI HERSH and

20 LESLIE STEIN-HERSH hereby requests that Defendant answer in writing and under oath, within

21 thirty (30) days from the date of service, the following Request for Admissions. The unanswered

22 Request for Admissions will be deemed admitted by operation of law. The Request for Admissions

23 are as follows:

24

25 <u>**REQUEST NO. 1:**</u>

26         Admit you plead guilty of assaulting Heidi Hersh on November 17, 2006.

27 <u>**REQUEST NO. 2:**</u>

28         Admit you used force when you struck Heidi Hersh on November 17, 2006.

///

**LAW OFFICES OF DOUGLAS R. JOHNSON**
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

LAW OFFICES OF DOUGLAS R. JOHNSON
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

**REQUEST NO. 3:**

Admit you used violence when you struck Heidi Hersh on November 17, 2006.

**REQUEST NO. 4:**

Admit you plead guilty to striking Heidi Hersh in the head with a metal object on November 17, 2006.

**REQUEST NO. 5:**

Admit you plead guilty to conspiracy to commit battery upon Heidi Hersh on November 17, 2006.

**REQUEST NO. 6:**

Admit you threatened Leslie Hersh on November 17, 2006.

**REQUEST NO. 7:**

Admit you used a metal object to hit the car window of the vehicle Heidi Hersh was driving on November 17, 2006.

**REQUEST NO. 8:**

Admit you shoved Heidi Hersh on November 17, 2006.

**REQUEST NO. 9:**

Admit you left Heidi Hersh lying on the ground bleeding on November 17, 2006 after you struck her in the head with a metal object.

**REQUEST NO. 10:**

Admit you struck Heidi Hersh with a metal object on November 17, 2006.

**REQUEST NO. 11:**

Admit you threatened to kill Heidi Hersh and Leslie Stein-Hersh on November 17, 2006.

**REQUEST NO. 12:**

Admit you served time in Clark County Detention Center for striking Heidi Hersh with a metal object.

**REQUEST NO. 13:**

Admit you were placed on probation for striking Heidi Hersh with a metal object.

**REQUEST NO. 14:**

Admit you were to complete impulse control counseling.

**REQUEST NO. 15:**

Admit you were to have no contact with Heidi Hersh at your March 5, 2007 sentencing hearing.

**REQUEST NO. 16:**

Admit you caused Heidi Hersh to seek medical care and costs by striking her in the head with a metal object.

DATED this _____ day of August, 2008.

LAW OFFICES OF DOUGLAS R. JOHNSON

DOUGLAS R. JOHNSON, ESQ.
Nevada Bar No. 007765
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
**Attorney for Plaintiffs Heidi Elaine Hersh and
Leslie Stein-Hersh**

///

///

///

**CERTIFICATE OF MAILING**

I hereby certify that on the 18th day of August, 2008, I mailed a true and correct copy of the

foregoing **REQUEST FOR ADMISSIONS TO DEFENDANT REGINA R. MILLER** via United

States Mail, postage prepaid, to the following:

Alan N. Fenton
Attorney at Law
2748 Crown Ridge Drive
Las Vegas, Nevada 89134-8318
**Attorney for Defendant Regina R. Miller**

An Employee of the  LAW OFFICES
OF DOUGLAS R. JOHNSON

**LAW OFFICES OF DOUGLAS R. JOHNSON**
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

Page 4 of  5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF DOUGLAS R. JOHNSON
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
(702) 362-6777

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding **REQUEST FOR ADMISSIONS TO DEFENDANT REGINA R. MILLER** filed in District Court Case No.: **A550790**, does not contain the social security number of any person.

Dated this _____ day of August, 2008.

LAW OFFICES OF DOUGLAS R. JOHNSON

DOUGLAS R. JOHNSON, ESQ.
Nevada Bar No.: 007765
7785 West Sahara Avenue, Suite 203
Las Vegas, Nevada 89117
**Attorney for Plaintiffs Heidi Elaine Hersh and**
**Leslie Stein-Hersh**

**RSPN**
**LAW OFFICES OF ALAN N. FENTON**
*Alan N. Fenton, Attorney at Law*
NV State Bar No. 4985   CA State Bar No. 37901
2748 Crown Ridge Drive
Las Vegas, Nevada 89134-8318
(702) 254-5200    FAX: (702) 227-7366
E-Mail Address: AFentonAttorney@aol.com

Attorney for Defendant REGINA R. MILLER

DISTRICT COURT

CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| HEIDI ELAINE HERSH, individually, and LESLIE STEIN-HERSH, individually, | ) ) ) | CASE NO.:  A 550790 DEPT NO.:   23 |
| Plaintiffs, | ) ) ) | DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR |
| vs. | ) ) | ADMISSIONS |
| REGINA R. MILLER, DOES I through V, inclusive and ROE CORPORATIONS I through V, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |

Responding Party:  Defendant REGINA R. MILLER

Propounding Party:  Plaintiff

Defendant responds to the requests for admissions propounded upon her by Plaintiffs as follows:

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of, and in relation to this action.  Each response is given subject to all appropriate objections, including by not limited to objections concerning competency, relevancy, materiality, propriety and

1   admissibility, which would require the exclusion of any statement

2   contained herein that was made by a witness present and testifying

3   in court.  All such objections and grounds therefore are reserved

4   and may be interposed at the time of trial.

5       The party upon whose behalf the responses are given has not

6   yet completed her investigation of the facts relating to this

7   action, has not yet completed her discovery in this action and has

8   not yet completed her preparation for trial.  Consequently, the

9   following answers are given without prejudice to the answering

10  party's rights to produce at the time of trial subsequently

11  discovered evidence relating to the proof of facts that may be

12  material.

13      Except for facts explicitly admitted herein, no admission of

14  any nature whatsoever is to be implied or inferred.  The fact that

15  any request for admission herein has been answered should not be

16  taken as an admission or a concession of the existence of any

17  facts set forth or assumed by such request or that such answer

18  constitutes evidence of any fact set forth or assumed.   All

19  answers must be construed as given on the basis of present

20  recollection.

21                **ANSWERS TO REQUESTS FOR ADMISSIONS**

22      1.  Admit you pleaded guilty of assaulting Heidi Hersh on

23  November 17, 2006.

24      Response: Admit.

25      2.  Admit you used force when you struck Heidi Hersh on

26  November 17, 2006.

27      Response: Admit.

28      3.  Admit you used violence when you struck Heidi Hersh on

1  November 17, 2006.

2      Response: Admit.

3      4. Admit you plead guilty to striking Heidi Hersh in the head

4  with a metal object on November 17, 2006.

5      Response:  Deny.  The actual plea was guilty to conspiracy to

6  commit battery.  See the judgment of conviction.

7      5.  Admit you plead guilty to conspiracy to commit battery

8  upon Heidi Hersh on November 17, 2006.

9      Response: Admit.

10     6.  Admit you threatened Leslie Hersh on November 17, 2006.

11     Response:  Deny.

12     7.  Admit you used metal object to hit the car window of the

13  vehicle Heidi Hersh was driving on November 17, 2006.

14     Response:  Deny.

15     8.  Admit you shoved Heidi Hersh on November 17, 2006.

16     Response: Admit.

17     9.  Admit you left Heidi Hersh lying on the ground bleeding on

18  November 17, 2006 after you struck her in the head with a metal

19  object.

20     Response: Admit.

21     10.  Admit you struck Heidi Hersh with a metal object on

22  November 17, 2006.

23     Response: Admit.

24     11.  Admit you threatened to kill Heidi Hersh and Leslie

25  Stein-Hersh on November 17, 2006.

26     Response:  Deny.

27     12.  Admit you served time in Clark County Detention Center

28  for striking Heidi Hersh with a metal object.

1     Response: Admit.

2     13.  Admit you were placed on probation for striking Heidi

3 Hersh with a metal object.

4     Response: Admit.

5     14.  Admit you were to complete impulse counseling.

6     Response: Admit.

7     15.  Admit you were to have no contact with Heidi Hersh at you

8 March 5, 2007 sentencing hearing.

9     Response: Admit.

10     16.  Admit you caused Heidi Hersh to seek medical care and

11 costs by striking her in the head with a metal object.

12     Response: Responding party has no information or belief in

13 response to this request, and based on that lack of information

14 and belief, denies this request.

15

16

17 Dated: October 7, 2008

18                                ALAN N. FENTON
Attorney for Defendant

19

20

21

22

23

24

25

26

27

28

**V E R I F I C A T I O N**

I, REGINA R. MILLER, am the defendant in the above-entitled action. I have read the foregoing responses to the requests for admissions (set one) and know the contents thereof. The same are true of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe it to be true.

I declare under penalty of perjury of the laws of the State of Nevada that the foregoing is true and correct.

Dated: October 3, 2008

REGINA R. MILLER

- 5 -

**CERT**
**LAW OFFICES OF ALAN N. FENTON**
*Alan N. Fenton, Attorney at Law*
NV State Bar No. 4985   CA State Bar No. 37901
2748 Crown Ridge Drive
Las Vegas, Nevada 89134-8318
(702) 254-5200   FAX: (702) 227-7366

Attorney for Defendant REGINA R. MILLER


                        DISTRICT COURT

                   CLARK COUNTY, NEVADA


| | |
|---|---|
| HEIDI ELAINE HERSH, individually, and LESLIE STEIN-HERSH, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>REGINA R. MILLER, DOES I through V, inclusive and ROE CORPORATIONS I through V, inclusive,<br><br>        Defendants. | CASE NO.:   A 550790<br>DEPT NO.:   23<br><br>CERTIFICATE OF MAILING<br><br>NRCP Rule 5 |

    I, VICTORIA S. FENTON, declare that:  I am over the age of
eighteen years and not a party to the cause.  I am employed in the
County of Clark, Nevada, where the mailing occurs.  My business
address is 2748 Crown Ridge Drive, Las Vegas, Nevada 89134-8318.

    I further declare that I am readily familiar with the business'
practice for collection and processing of correspondence for
mailing with the United States Postal Service; and that the
correspondence shall be deposited with the United States Postal
Service this same day in the ordinary course of business.  I

                            - 1 -

1  caused to be served the following documents: DEFENDANT'S RESPONSES

2  TO PLAINTIFFS' REQUEST FOR ADMISSIONS, by placing a copy of each

3  document in a separate envelope addressed to each addressee,

4  respectively as follows:

5              Douglas R. Johnson
             Attorney at Law
6              7785 West Sahara Avenue, Suite 203
             Las Vegas, NV 89117
7
        I then sealed each envelope and, with the postage thereon fully
8
   prepaid, I placed each for deposit into the United States Postal
9
   Service, this same day, at my business address shown above,
10
   following ordinary business practices.
11
        I declare under penalty of perjury under the laws of the State
12
   of Nevada that the foregoing is true and correct.
13

14

15
   Executed on:  October 7, 2008        _Victoria S. Fenton_
16                                         VICTORIA S. FENTON

17

18

19

20

21

22

23

24

25

26

27

28

**ALAN N. FENTON**
*Attorney at Law*
2748 Crown Ridge Drive
Las Vegas, Nevada 89134-8318



08 OCT 2008 PM 1 L

Douglas R. Johnson
Attorney at Law
7785 West Sahara Avenue, Suite 203
Las Vegas, NV 89117